In the Matter of LEOPOLD V. ROSSI, Individually and
as Chairman of the Executive Committee of the Greater
New York City Lifeguards Association, Appellant and
Respondent, against ROBERT MOSES, as Commissioner
of Parks of the City of New York, et al., Defendants,
and PAUL J. KERN et al., Constituting the Municipal
Civil Service Commission of the City of New York,
Respondents and Appellants.

Argued October 4, 1938; decided November 29, 1938.

*Leopold V. Rossi*, in person, and *John J. Gussak* for petitioner, appellant and respondent. The new medical and physical examination order is illegal. (*Matter of Sandford* v. *Finegan*, 276 N. Y. 70; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Opinion of Attorney-General*, 24 St. Dept. Rep. 383.) Petitioner and all others similarly situated must be certified and reinstated in accordance with section 31 of the Civil Service Law (Cons. Laws, ch. 7). (*Matter of Woods* v. *Finegan*, 246 App. Div. 271; *Henry Hudson Parkway Authority* v. *Kerns*, N. Y. L. J. May 5, 1938.)

*William C. Chanler, Corporation Counsel* (*Samuel J. Silverman* and *Paxton Blair* of counsel), for defendants, respondents and appellants. Petitioner was properly subject to both the medical test and the swimming test. (*Conner* v. *City of New York*, 5 N. Y. 285; *Koso* v. *Greene*, 260 N. Y. 491.) The affirmance having been unanimous upon the petitioner's appeal, his appeal should be dismissed. (*De Santis* v. *Luger*, 257 N. Y. 476.)

O'BRIEN, J. In the year 1927 petitioner passed an open competitive examination for the position of municipal lifeguard and was appointed to that position which embraces only " temporary employment for seasonal work." Each year, when the bathing season at the beaches had expired, petitioner was notified that his services were terminated and that his name would be placed upon the preferred list of suspended employees and made eligible for re-employment. Since the termination of his services for the 1937 season, his name has been upon the eligible list. He has received notice from the Municipal Civil Service Commission to submit to an examination for a medical and physical test and to report for a practical test to swim fifty yards in thirty-five seconds. Petitioner refused to submit to the new examination and the relief which he demands is that the examination be canceled and that the Municipal Civil Service

Commission certify the names of persons on the preferred list for lifeguards in accordance with their standing on the list. The courts below have decided that petitioner is obliged to submit to a physical examination in accordance with section 14 of the Civil Service Law (Cons. Laws, ch. 7) but is not required to undergo the practical swimming test. He has once passed an open competitive examination for the position of lifeguard but that examination occurred ten years ago. A physical examination for the peculiar position to which petitioner seeks to be restored must necessarily include not only an examination in respect to a generally sound condition of his body but also such a physical condition as is directly related to the duties to be performed by him as a lifeguard. He might, in a general sense, be free from illness or disease but after the passage of ten years time be unable, physically, to perform the duties of lifeguard. The physical test of his ability to act as lifeguard includes not only general physical health but also such a condition of bodily strength as would enable him to rescue drowning persons on the municipal beaches. We think, therefore, that the provisions of section 14 of the Civil Service Law, empowering the Civil Service Commission to " refuse * * * to certify an eligible * * * who is physically so disabled as to be rendered unfit for his performance of the duties of the position to which he seeks appointment," applies to a prospective appointee to the position of lifeguard. The physical qualification of petitioner to perform the duties of lifeguard can be determined only by the physical test which the Civil Service Commission has prescribed. Physical ability to perform the duties of this position can be ascertained in no other way.

The orders should be modified by reversing so much of the order as directs defendants not to require petitioner to take and pass the practical test as a condition of certifying him for appointment to the position of lifeguard and as so modified affirmed, with costs to the defendants, respondents and appellants.

The motion by the defendants, respondents and appellants, to dismiss the appeal taken by the petitioner should be denied.

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., taking on part.

Ordered accordingly.